■ ELLEN HAYMES et al., Appellants, v BROOKDALE HOSPITAL MEDICAL CENTER, Respondent. [731 NYS2d 215] —In an action, *inter alia,* to recover damages for assault and battery, the plaintiffs appeal from an order of the Supreme Court, Kings County (Bellard, J.), dated May 23, 2000, which granted the defendant's motion to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

On October 14, 1993, the plaintiff Ellen Haymes attempted to take her own life by putting a handgun to her head and pulling the trigger. The plaintiff Adine Hamlin, Haymes' sister, called the 911 emergency telephone number. An emergency medical crew responded, undertook to administer treatment, and then transported Haymes to the emergency room at the defendant Brookdale Hospital Medical Center (hereinafter Brookdale). Treatment was immediately instituted, including, *inter alia,* emergency surgery and respiratory ventilation. When Hamlin arrived at Brookdale about an hour later, she allegedly presented a purported "living will" signed by Haymes to hospital personnel, and demanded that Haymes be removed from the ventilator. The hospital personnel refused, and Haymes remained on the ventilator for six more days. Haymes subsequently recovered and, although totally blind as a result of her self-inflicted wounds, was transferred to a nursing home where she is currently cared for.

The plaintiffs commenced the instant action alleging that Haymes had executed a living will which was violated when Brookdale saved her life. The complaint asserts, *inter alia,* that Brookdale's refusal to withdraw life-saving treatment, thereby foiling Haymes' attempt to commit suicide, constituted an unconsented touching of her person; and that Brookdale's life saving treatment "tortiously" interfered with Haymes' "con-

stitutional" right to die. The Supreme Court granted Brookdale's motion to dismiss the complaint, holding, in essence, that in the absence of a valid health care proxy, order not to resuscitate, or a court order, there could be no cause of action against the hospital for saving Haymes' life. We now affirm.

The plaintiffs herein concede that Haymes never signed a health care proxy (see, Public Health Law § 2981) which would have authorized her sister to make health care decisions for her while she was unconscious. In addition, to the extent that the "living will" executed by Haymes could be construed as an order not to resuscitate (see, Public Health Law § 2964 [2]), it concededly contained the signature of only one witness; and, therefore, did not comply with Public Health Law § 2964 (2) (b). That statute provides that a competent adult may consent to an order not to resuscitate provided it is in a writing which is "dated and signed in the presence of at least two witnesses eighteen years of age or older." Therefore, Haymes' purported living will did not have the same legal import as a validly-executed health care proxy or order not to resuscitate.

Moreover, contrary to the plaintiffs' contentions, Haymes' living will was not entitled to any automatic legal recognition or enforceability because it did not, in and of itself, do anything to clearly express Haymes' intentions, as might be reflected by her expectations, personal choices, moral beliefs, religious convictions and the like (see, Matter of Westchester County Med. Ctr. [O'Connor], 72 NY2d 517).

Hamlin, upon Brookdale's refusal to withdraw treatment, had no alternative but to seek the court's intervention or the transfer of her sister to another medical facility (see, Grace Plaza v Elbaum, 82 NY2d 10). Having failed to do either, the plaintiffs may not now be permitted to seek the recovery of money damages for Haymes' self-inflicted injuries. Santucci, J. P., Florio, H. Miller and Townes, JJ., concur.